**ASHBY & GEDDES**

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE
P. O. BOX 1150
WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

May 28, 2020

The Honorable Sherry R. Fallon  　　　　　　　　　　　　　VIA ELECTRONIC FILING
United States Magistrate Judge
United States District Court
844 N. King Street
Wilmington, DE  19801

　　　　Re:　　*Sensormatic Electronics, LLC v. Wyze Labs, Inc.,* C.A. No. 19-1543-CFC

Dear Judge Fallon:

Consistent with your Honor's May 15, 2020 Minute Entry Order and the Discovery Matters and Disputes procedure set forth in your Order regarding discovery matters, Plaintiff Sensormatic Electronics, LLC ("Sensormatic") writes in support of its Motion to Modify the Stipulated Protective Order ("Motion") to include a provision to permit remote source code review.  (*See* D.I. 64.)  Presently, the Stipulated Protective Order entered on January 9, 2020, contemplates only in-person review of source code at the offices of the producing party's counsel.  (D.I. 26 at ¶ 8.)  In addition to counsel in this District, Sensormatic's lead counsel is based in Milwaukee, Wisconsin.  Lead counsel for Defendant Wyze Labs, Inc. ("Wyze") is based in Palo Alto, California.  The Stipulated Protective Order was negotiated prior to the onset of the COVID-19 crisis and the myriad of local and state orders governing travel and other conduct.

More specifically, as provided in the attached [Proposed] Addendum to the Stipulated Protective Order ("Addendum"), Sensormatic moves the Court to add Paragraph 8.h. to the Stipulated Protective Order.  Paragraph 8.h. of the Addendum permits designated counsel and experts remote access to source code through a secure portal by way of SecureLink or similar third-party software ("Secure Remote Review").[1]  The Addendum seeks to provide a safe and secure procedure for source code inspection in view of COVID-19 and the uncertain timetable associated with any in-person source code inspection.

**Factual Background:**  On August 19, 2019, Sensormatic filed a Complaint against Wyze asserting that Wyze's manufacture and sale of certain video surveillance systems infringe seven

---

[1] Sensormatic is amenable to exploring alternate software providers if Wyze would prefer a different platform; however, Wyze has proposed no such alternatives.  Similarly, if Wyze would prefer to create and ship a stand-alone computer that houses the relevant code, Sensormatic is willing to explore implementing procedures to ensure the confidentiality and integrity of the source code.

patents directed to novel video surveillance improvements. (D.I. 1.) After being granted two extensions of time, Wyze filed its Answer on November 8, 2019, denying infringement and asserting pro forma affirmative defenses. (D.I. 9.) The parties held their Rule 26(f) conference on November 22, 2019, and the Court entered a Scheduling Order on December 11, 2019. (D.I. 16.) Consistent with the Scheduling Order, as amended, Sensormatic has timely served its Notice of Asserted Claims and Infringement Contentions. (D.I. 31.) Wyze has served its Invalidity Contentions and is attempting to amend those contentions. (D.I. 56; D.I. 64.) The parties are engaged in claim construction activities, and Sensormatic anticipates timely serving its Opening Claim Construction Brief on June 4, 2020. A *Markman* hearing is scheduled for September 16, 2020. (D.I. 16 at Ex. A.) Within 30 days of the issuance of the Court's claim construction order, Sensormatic must reduce the number of asserted claims to 15. (*Id.*) Previously, on May 14, 2020, as required, Sensormatic reduced the number of asserted claims from 45 to 25. (D.I. 66.)

The parties negotiated and proposed to the Court a Stipulated Protective Order, which was entered on January 9, 2020, to govern the disclosure of confidential information in this case. (D.I. 26.) As it relates to the production of source code, "[a]ny source code produced in discovery shall be made available for inspection … during normal business hours … at an office of the producing party's counsel … ." (D.I. 26 at ¶ 8.a.) The Stipulated Protective Order assumes that counsel for the parties and experts could freely and safely travel to any location. At the time the Stipulated Protective Order was negotiated and entered, neither the parties nor the Court could have anticipated the global pandemic with ensuing travel restrictions and statewide stay-at-home orders subsequently issued by dozens of states, including California where Wyze has produced its source code for inspection.

Prior to the entry of these orders, on January 28, 2020, counsel for Sensormatic traveled to Palo Alto, California and did an initial inspection of Wyze source code. Since January 28, 2020, no other source code inspection has taken place despite Sensormatic's desire to have its disclosed expert, Jeff Hagins, inspect Wyze's code. Mr. Hagins resides in Ventura County, California and is currently under a stay-at-home order. And, an in-person review is impossible given Wyze's lead counsel's office closure in Palo Alto. When Wyze's counsel's Palo Alto office opens, it is unclear whether, or if, visitors like Sensormatic's expert and counsel, will even be allowed.

Sensormatic raised the possibility of remote source code review on April 20, 2020 and again during the parties' meet and confer on April 28, 2020. Counsel for Wyze indicated that Wyze would be unlikely to agree to any remote review. On May 1, 2020, Sensormatic proposed the enclosed Addendum which provides for secure remote source code review through use of third-party software and unique login credentials provided by the producing party.

The contemplated Secure Remote Review permits authorized access only to the information made available by the producing party via the secure gateway. This may be done through a web browser with strict permissions required to access specific files on the remote machine. The Secure Remote Review will not allow downloading of any information and any printing of source code must still proceed as it would under an in-person source code review as otherwise provided by the existing Stipulated Protective Order. The Secure Remote Review also provides

auditing capabilities to permit the producing party to know when code has been inspected and by whom.  The Addendum also allows the producing party to make screen recordings of the code review to allow the producing party to determine whether the provisions of the Addendum have been complied with in the event there is a dispute.  To augment this functionality, the Addendum contemplates that the inspecting party will provide video access to permit the producing party to exercise personal supervision over the review.  Any such video access can be provided via a secure video platform as agreed upon by the parties.

Sensormatic views these safeguards in the Addendum to be more than sufficient to ensure secure remote review of source code.  Wyze has rejected the Addendum outright, failing to propose any additional precautions that would further remote source code review.

**Argument:**  The purpose of the current source code review procedures is to ensure that the producing party has control over the review environment and to ensure there is no unauthorized use of the information.  For example, there are limitations on the means in which the reviewing party may request copies of the source code or use those copies in litigation following an in-person code inspection.  (D.I. 26 at ¶¶ 8.e.-8.g.)  To that end, the Addendum outlines the use of secure VPN software coupled with physical and virtual monitoring to allow the producing party to control the code environment to the same extent as an in-person review.  Access is limited by unique login credentials provided by the producing party, and the producing party is notified prior to any specific remote review commencing.  Once the remote review is up and running, the producing party can easily monitor the inspection through the agreed-to video feed provided by the reviewing party.  And, in the event the producing party has an objection to the conduct during the remote inspection, the producing party can disconnect the VPN.  The producing party can also disable unwarranted activities like file saving or otherwise block access to certain software before the inspection commences.  Finally, the producing party will have recorded data tracking any remote inspection, a safety precaution that is not currently required by any in-person source code review contemplated under the Stipulated Protective Order.

As an initial matter, remote source code review is not unprecedented, and parties have agreed to permit such inspection in the past.  *See, e.g.*, *1-800 Contacts v. Ditto Techs., Inc.*, Case No. 2:13-cv-00145-DN-DBP, D.I. 38 (D. Utah Aug. 12, 2013) (stipulated order allowing "remote, electronic review") (Ex. A); *Certain Wearable Monitoring Devices, Systems, and Components Thereof*, Inv. No. 337-TA-1190, Order No. 9 (USITC Apr. 28, 2020) (Ex. B).  Further, such remote inspection is being adopted by litigants in view of the COVID-19 pandemic.  For example, in *Bot M8, LLC v. Sony Corporation of America*, Case No. 19-cv-07027, D.I. 131 (N.D. Cal. Mar. 26, 2020), Judge Alsup recently ordered a defendant to propose an alternate method of source code review "given the difficulty of traveling for in-person review … at counsel's office" (Ex. C). In response, defendant Sony agreed it will "make arrangements to allow remote review via WebEx [] during normal business hours of Sony's source code production" so long as the reviewers agree they "will not allow viewing of the source code by anyone not permitted to do so under the Protective Order, and [] will not attempt to transfer, copy, or screen capture the source code, or otherwise make improper use of the remote review." *Id.* at D.I. 132 (Ex. D).  The court adopted Sony's proposal, *id.* at D.I. 133 (Ex. E), which has even fewer protections than the Addendum offers here.

Wyze has not credibly challenged the procedure outlined in the Addendum or otherwise proposed any alternative to in-person inspection of source code. As best as Sensormatic can understand it, Wyze's objections to entry of the Addendum amount to an attenuated and unsubstantiated risk that a third-party bad actor will (1) somehow determine that Sensormatic is performing a remote source code review at a particular time in a specific network location, (2) overcome the security and encryption of the chosen software, and (3) steal Wyze's source code. These objections ring hollow and ignore the high likelihood that Wyze itself is already utilizing some form of VPN access for its employees to access confidential information remotely as they work from home during the public health emergency.

Wyze has suggested that Sensormatic simply wait to access Wyze's source code until an in-person inspection is available. Not only does Wyze's position ignore the health and safety risks inherent in an in-person review in the current environment, there is absolutely no certainty as to when such an in-person inspection makes practical sense. Wyze's unfounded security concerns and lack of experience with remote source code review cannot block Sensormatic's access to Wyze's "best evidence" of how the accused products operate.[2] Also, Sensormatic is producing certain confidential code too, and it is amenable to the proffered Secure Remote Review for the benefit of Wyze and its expert(s). Sensormatic should not have to postpone the progression of this case indefinitely simply because Wyze would prefer in-person inspection of code.

Given the uncertainty as to when travel and business restrictions will be lifted in California (and elsewhere) and to maintain the schedule in this case, Sensormatic's counsel and expert should be able to access Wyze source code before Sensormatic must make its final election of asserted claims following the Court's claim construction order. Presently, the only way to ensure that is the case is to adopt a procedure for remote source code inspection. The Addendum proposes a secure, efficient, economical, and safe option to inspect source code and keep this case moving forward under the present Scheduling Order. Wyze's blanket refusal to consider any remote review – and refusal to propose any alternative procedure – appears to be nothing more than a delay tactic.

For the foregoing reasons, Sensormatic respectfully requests the Court grant its Motion and enter the Addendum to supplement Paragraph 8 of the Stipulated Protective Order.

    Respectfully,

    */s/ Andrew C. Mayo*

    Andrew C. Mayo (#5207)

Attachment
cc:    All Counsel of Record (via electronic mail; w/attachments)

---

[2] Wyze has repeatedly rebuffed Sensormatic's requests for certain technical documents addressing how the accused products operate, stating that "the source code is the **best evidence** of how the accused products, and in particular how the Wyze application, works." (Wyze Apr. 3, 2020 letter (emphasis added) (Ex. F).)